IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 16, 2004

## STATE OF TENNESSEE v. CAREY STANFORD RICHMOND

**Appeal from the Criminal Court for Sullivan County**
**Nos. S46,389, S46,269, S46,973, S47,035 and S46,390    Phyllis H. Miller, Judge**

---

**No. E2003-01316-CCA-R3-CD**
**May 18, 2004**

---

The defendant, Carey Stanford Richmond, appeals from the Sullivan County Criminal Court's imposition of incarcerative sentencing for numerous conviction offenses and for an additional probation violation. She claims that she was entitled to alternative sentences, and because we disagree, we affirm.

**Tenn. R. App. P. 3; Judgments of the Criminal Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P. J. and JOSEPH M. TIPTON, J., joined.

Larry S. Weddington, Bristol, Tennessee, for the Appellant, Carey Stanford Richmond.

Paul G. Summers, Attorney General & Reporter; Michelle R. Chapman, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Robert H. Montgomery, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant was convicted on her guilty pleas of facilitation of aggravated robbery, failure to appear, sale of more than one-half ounce of marijuana, and four counts of forgery. She likewise admitted a probation violation in a case involving a conviction of introduction of drugs into a penal institution. These cases came before the trial court for determination of the method of service of the sentences. The court determined that all the sentences should be served in incarceration. The defendant has filed this appeal seeking alternative sentences.

By the defendant's own account, she suffered from a serious drug addiction during the time that she committed her numerous conviction offenses. The defendant testified, however, that she had stopped using drugs since she was arrested and incarcerated on the probation violation. At the time of the sentencing hearing, the defendant was pregnant by a man other than her husband.

She expressed a desire to divorce her husband and maintain a responsible lifestyle for the sake of her unborn child.

The facts underlying the defendant's convictions are these. In September 2001, the defendant stole and forged four checks which were drawn on a friend's bank account. The total amount of the forgeries was in excess of $1,600. In October 2001, the defendant sold 25.9 grams of marijuana to an undercover officer of the Tennessee Bureau of Investigation. In December 2001, the defendant arranged a sale of Xanax to a victim. She told him that he would be meeting a friend of hers for the transaction. When the victim appeared at the appointed location, he got into a vehicle with the defendant's husband, who drove the victim around and then robbed him with what appeared to the victim to be a concealed weapon. In January 2002, the defendant went to visit her husband in jail, when a search revealed marijuana on her person. In September 2002, the defendant failed to appear in court for a sentencing hearing. The defendant explained her absence at that hearing by acknowledging that she had "lapsed back into those old ways" at the time.

The defendant testified that she would like to receive alternative sentencing so that she could enroll in a drug treatment program. She had placed herself on a waiting list for residential treatment. She also claimed that she would be able to live with her mother and her mother's boyfriend.

After receiving the evidence, the lower court found that the defendant was not a favorable candidate for alternative sentencing and ordered that she serve her sentences in the Department of Correction, including the case in which the defendant admitted violating her probation.

Original Sentencing in Cases
S46,269, S46,389, S46,973, S47,035

We begin with a review of the relevant law. In making a felony sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of the sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. *See* Tenn. Code Ann. § 40-35-210(a), (b) (2003); *id.* § 40-35-103(5) (2003); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003). However, a defendant who commits "the most severe offenses, possess[es] a criminal histor[y] evincing a clear

disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. *See id.* § 40-35-102(5), (6) (2003); *State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). A sentence involving confinement is appropriate when

> (A)    Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B)    Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is especially suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1)(A) - (C) (2003).

Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. *Id.* § 40-35-103(5) (2003). Sentencing issues are to be determined by the facts and circumstances presented in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. *See* Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). Likewise, the trial court has an affirmative duty to state on the record, either orally or in writing, which enhancement and mitigating factors it found and its findings of fact. Tenn. Code Ann. § 40-35-209(c) (2003); *id.* § 40-35-210(f) (2003); *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998); *State v. Russell*, 10 S.W.3d 270, 278 (Tenn. Crim. App. 1999).

In the present case, the defendant accepted by plea agreement an effective twelve-year sentence. She was categorized as a Range I offender for all but the failure to appear conviction, for which she was categorized as a Range II offender. For the Range I offenses, the defendant entered the process of determining the manner of service of her sentences with the presumption that she was a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102(6) (2003). She did not enjoy that presumption for the Range II sentence. *See id.* The lower court acknowledged that the defendant was presumed a favorable candidate for alternative sentencing for the Range I convictions. After considering the evidence, however, the court found that the presumption had been rebutted.

The defendant contends that the trial court's sentencing determination is faulty because it found the following enhancement factors:

(a)     The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(b)     The defendant was a leader in the commission of an offense involving two (2) or more criminal actors;

(c)     The defendant, who was provided with court-appointed counsel willfully failed to pay the administrative fee assessed pursuant to § 40-14-103(b)(1).

*Id*. § 40-35-114(2), (3), (22) (2003).

We are unpersuaded that the lower court erred in finding that the enhancement factor for prior criminal convictions or behavior applied to the defendant's sentences. The record reflects that the defendant has a lengthy history of illicit drug use. Although she does not have prior convictions related to this illegal activity, it is properly considered for purposes of this enhancement factor. *See State v. Alexander*, 957 S.W.2d 1, 7 (Tenn. Crim. App. 1997) (enhancement factor for prior criminal history applied based upon defendant's cocaine abuse).

The defendant also claims that the lower court should not have found that the enhancement factor for acting as a leader in the commission of the offense applied to the facilitation of robbery conviction. She argues that the evidence does not support this conclusion inasmuch as the defendant was not present when the actual robbery occurred. Even so, the defendant was the one who arranged the scenario which set the stage for the robbery. She agreed to sell drugs to the victim and made plans for the transaction to take place. She told her husband where the victim would be, knowing that her husband planned to rob the victim. The lower court did not err in finding that she was a leader in the commission of the facilitation of robbery offense.

The defendant is correct, however, that the lower court should not have applied the enhancement factor, "The defendant, who was provided with court-appointed counsel, willfully failed to pay the administrative fee assessed pursuant to § 40-14-103(b)(1)[.]" *See* Tenn. Code Ann. § 40-35-114(22) (2003). The defendant contends that the court erred in finding this factor existed because she was incarcerated at the time the fee was assessed and thereafter. The state contests this factual assertion, arguing that counsel was appointed on January 9, 2003, and the probation revocation order was not entered until May 2, 2003. It appears that the defendant was, in fact, confined during the time she was represented by appointed counsel. The record reflects that the lower court entered an order appointing counsel in cases S46,389, S46,390, S46,973, and S46,269 on January 9, 2003. It appears from the record that prior to that time, the defendant was represented by retained counsel. The order appointing counsel contains a handwritten notation that the administrative fee is "to be paid w/n 2 wks after rel. from custody." The probation violation report in case S46,390 (introduction of drugs into a penal institution) indicates that the defendant was arrested on the failure to appear presentment (S46,973) on January 6, 2003, and was still in custody when the report was filed on March 6, 2003. The arrest warrant for the probation violation indicates the defendant's address as the Sullivan County Jail and reflects service on her on March 11, 2003. The presentence report notes that the defendant is "unable to make bond." The lower court premised its application of the enhancement factor on a finding that the defendant could have cleaned houses,

mowed lawns, or raked leaves to earn money to pay the administrative fee but chose instead to go to North Carolina with her boyfriend. Obviously, that is not the case, inasmuch as the defendant was in jail at the time the fee was assessed and thereafter.

The defendant also claims that in determining the manner of service of her sentences, the court should have considered these mitigating factors: "The defendant's criminal conduct neither caused nor threatened serious bodily injury" and "The defendant, because of youth or old age, lacked substantial judgment in committing the offense[.]" *See* Tenn. Code Ann. § 40-35-113(1), (6) (2003). The defendant makes these claims without elaborating beyond asserting that the record supports the application of these factors. The record reflects that the court did, in fact, find that the defendant's conduct did not cause or threaten serious bodily injury in all cases other than introduction of drugs into a penal institution and facilitation of aggravated robbery. The defendant has not offered any theory why the mitigating factor should apply to these cases, and we are not persuaded of error in the absence of such. Likewise, the defendant, who was days shy of her twenty-second birthday at sentencing, has not explained why her youth caused her to lack substantial judgment in committing her offenses. The record demonstrates that the defendant is an exceptionally bright young woman who has made poor choices notwithstanding her intelligence. We are unpersuaded of error.

The defendant argues, as well, that the sentencing considerations of Code section 40-35-103(1) do not apply to her. The state disagrees. The trial court was influenced by the defendant's significant history of alcohol consumption beginning at age 16 and illicit drug use beginning at age 17. It was likewise influenced by the defendant's recent, unsuccessful attempt at serving a probationary sentence. These facts demonstrate that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct" and that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." *See id.* § 40-35-103(1)(A), (C) (2003). Additionally, the lower court was heavily influenced by the defendant's poor prospects for rehabilitation given her lack of compliance with a probationary sentence, her failure to appear for a court date, her substance abuse despite three attempts at drug rehabilitation, and her poor work history. *See id.* § 40-35-102(5) (2003). The record supports the lower court's conclusions on these points. The presumption of favorable candidacy has been rebutted; the defendant justly deserves to be confined for the term of her sentences. The lower court did not err in imposing incarceration.

<u>Sentence Following Probation Revocation</u>
in Case S46,390

The defendant does not specifically address as error the trial court's placing into effect the defendant's four-year incarcerative sentence following her admitting that she violated probation in her conviction for introduction of drugs into a penal facility. Because, however, the standard employed in reviewing the lower court's action in this regard differs from that employed in reviewing an original sentencing determination, we address the issue separately.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id*. at 82; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (2003). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310 (2003). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In the court below, the defendant conceded that she had violated the terms of her probationary sentence. *See State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (defendant's concession of act constituting violation of probation is substantial evidence of violation, and trial court's revocation based thereon is not abuse of discretion). Thus, the question we must answer is whether the court abused its discretion in ordering the defendant to serve the remainder of her sentence in the Department of Correction.

In that regard, the relevant statute commands that upon revocation of a suspended sentence, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly . . . ." Tenn. Code Ann. § 40-35-310 (2003). Based on her track record, the trial court was doubtful that her performance would improve if given a further reprieve from an incarcerative sentence. Based upon the evidence before us, that determination was within the lower court's discretion. Thus, the lower court did not err in ordering the defendant to serve her four-year sentence in the Department of Correction.

For these reasons, we affirm the lower court's imposition of incarcerative sentencing in all cases.

_____
JAMES CURWOOD WITT, JR., JUDGE

-6-